**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Christopher JOHNSON, Defendant— Appellant.**

No. 07–10463.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Kirstin M. Ault, Esq., U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Erik G. Babcock, Esq., Law Office of Erick G. Babcock, Oakland, CA, Christopher Johnson, Dublin, CA, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

* The panel unanimously finds this case suitable   for decision without oral argument. *See* Fed.

MEMORANDUM **

Christopher Johnson appeals from the 40–month sentence imposed following his guilty-plea conviction for access device fraud, aggravated identity theft, and bank fraud, and conspiracy to commit access device and bank fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Johnson contends that the district court erred in imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 because there was insufficient evidence that he willfully fled from the residential treatment program where he had been ordered to stay pursuant to his pretrial release conditions. The record reflects, however, that Johnson left treatment without permission, and remained at large for six months, during which time he failed to attend two court hearings of which he was notified. *See United States v. Draper,* 996 F.2d 982, 987 (9th Cir.1993) ("absconding from pretrial release amounts to escape from custody under the Sentencing Guidelines"); *see also United States v. Petersen,* 98 F.3d 502, 508 (9th Cir.1996) ("this court has upheld a § 3C1.1 enhancement where the defendant had already been arrested for the offense, was told he was a suspect in a criminal case, and 'knew he was expected to surrender himself voluntarily' "). Therefore, the district court did not clearly err.

**AFFIRMED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.